■ WILLIAM J. BUTLER, as Administrator of the Estate of SIGFRIED BUCHMAYR, Deceased, Respondent, v. GENERAL MOTORS CORPORATION, Appellant.— Order, Supreme Court, New York County, entered September 10, 1971, granting plaintiff's motion to inspect and copy certain letters written to appellant, General Motors Corporation, during the years 1961 through 1963, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and the motion denied. Plaintiff's claim that he was first alerted to the existence of complaint letters from Corvair owners by an article appearing in *Newsweek* magazine on May 10, 1971, does not constitute the requisite " special, unusual or extraordinary circumstances " as would relieve him of his " waiver " of the discovery sought (*Price* v. *Brody,* 7 A D 2d 204, 205). This is especially so in view of plaintiff's gross laches in the prosecution of this action which was commenced in August, 1965. The defendant filed a note of issue and statement of readiness in January, 1967, because of plaintiff's failure to do so or to seek pretrial depositions or discovery. In fact, plaintiff did not even seek a general preference until November, 1970. Concur — Capozzoli, J. P., Nunez, Steuer, Tilzer and Eager, JJ.

■ In the Matter of SMILER'S DELICATESSEN No. 6 CORP., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the State Liquor Authority, dated March 25, 1971, suspending petitioner's off-premises beer license for 20 days forthwith and 10 days deferred, unanimously modified, on the law and the facts and in the exercise of discretion, to annul the forthwith 20-day suspension, and to limit the punishment to 10 days' suspension to be temporarily deferred, and otherwise confirmed, without costs and without disbursements. While we confirm the Authority's finding of sale of two cans of beer to a minor, we modify that finding to hold that the transaction consisted of but a single sale, and not of two. Accepting, as we do otherwise, the essential facts as found by the Authority, we take into account that the violation was an isolated aberrant instance, against an otherwise spotless record, and that the testimony concerning the purchase leaves much to be desired. Indeed, the grocery clerk who made the sale was never really identified. In these circumstances, we deem the reduced penalty to be adequate as a safeguard against future offenses. (See *Matter of Village Rathskeller* v. *State Liq. Auth.,* 26 A D 2d 543.) Concur — Capozzoli, J. P., McGivern, Markewich, Murphy and Eager, JJ.