**State of N.Y. Mtge. Agency v 936-938 Cliffcrest Hous. Dev. Fund Corp.**

2024 NY Slip Op 34560(U)

December 23, 2024

Supreme Court, New York County

Docket Number: Index No. 850011/2013

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DEBRA A. JAMES**

*Justice*

PART   59

-----------------------------------------------------------------------------X

STATE OF NEW YORK MORTGAGE AGENCY,

Plaintiff,

- v -

936-938 CLIFFCREST HOUSING DEVELOPMENT FUND CORPORATION, THE DEPARTMENT OF THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE,

Defendants.
First party action dismissed by Order dated June 29, 2018 (Madden, J.) (NYSCEF Doc No 1108)

-----------------------------------------------------------------------------X

936-938 CLIFFCREST HOUSING DEVELOPMENT FUND CORPORATION,

Plaintiff,

-against-

THE WAVECREST MANAGEMENT TEAM LTD., SHUHAB HOUSING DEVELOPMENT FUND CORPORATION, COMMUNITY CAPITAL BANK, LEE WARSHAVSKY, JOHN AND JANE DOES 11-20, and THE DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK,

Defendants.
-----------------------------------------------------------------------------X

INDEX NO.          850011/2013

MOTION DATE      11/22/2024

MOTION SEQ. NO.   031 032 036

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595322/2014

The following e-filed documents, listed by NYSCEF document number (Motion 031) 1443, 1444, 1445, 1446, 1447, 1448, 1449, 1450, 1451, 1452, 1453, 1454, 1455, 1456, 1457, 1458, 1459, 1460, 1461, 1462, 1463, 1466, 1467, 1468, 1469, 1470, 1471, 1472, 1473, 1474, 1475, 1476, 1477, 1478, 1482, 1483, 1484, 1485, 1486, 1487, 1488, 1489, 1490, 1535, 1536, 1537, 1538, 1539, 1540, 1575

were read on this motion to/for                                    DISCOVERY                              .

The following e-filed documents, listed by NYSCEF document number (Motion 032) 1491, 1492, 1493, 1494, 1495, 1496, 1497, 1498, 1499, 1500, 1501, 1502, 1530, 1531, 1532, 1533, 1534, 1545, 1546, 1548, 1552, 1556, 1557, 1558, 1559, 1560, 1576

were read on this motion to/for                                    DISCOVERY                              .

850011/2013   938 ST. NICHOLAS AVENUE vs. 936-938 CLIFFCREST HOUSING                    Page 1 of 6
Motion No.  031 032 036

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 036) 1569, 1570, 1571, 1572, 1573, 1574, 1577, 1578, 1579, 1580

were read on this motion to/for            CONSOLIDATE/JOIN FOR TRIAL           .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of third party plaintiff, pursuant to CPLR § 602(b), brought by show cause order dated November 22, 2024, to consolidate the summary proceeding entitled Burroughs v Cliffcrest Housing Development Fund Co, LT 316385/2022 (NYC Civil Court, NY Co) with the herein action (motion sequence number 036) is dismissed, as moot, in light of the dismissal of such summary proceeding by order dated December 3, 2024 (LT 316385/2022 NYSCEF Doc No 71)[1], and the interim stay therein is lifted and vacated; and it is further

ORDERED that the motion brought by order to show cause dated January 1, 2024, pursuant to CPLR 3126, of third party defendant City of New York to compel discovery and for a protective order, and the cross motion of third party plaintiff to strike the pleadings of third party defendant City of New

_____

[1] The undersigned is flummoxed that, on December 3, 2024, petitioners' attorneys in such summary proceeding defaulted in appearing on the scheduled hearing date in NYC Housing Court Part B- HP HPD, and failed to personally deliver a copy of this court's OSC with interim stay to NYC Housing Evon M. Astoris, resulting in the proceeding being dismissed for the failure of such attorneys to appear.

**850011/2013   938 ST. NICHOLAS AVENUE vs. 936-938 CLIFFCREST HOUSING**                    **Page 2 of 6**
  **Motion No.  031 032 036**

[* 2]

York for its failure to disclose (mot seq no 031) are denied; and it is further

ORDERED that the motion of third party defendant City of New York to compel discovery (mot seq no 032) is denied; and it is further

ORDERED that the note of issue and certificate of readiness shall be filed **no later than January 24, 2025**.

## DECISION

A brief procedural history of this action follows.

Nearly twelve years ago, the first party action, a foreclosure action brought by Peny & Co, as plaintiff, was commenced against 936-938 Cliffcrest Development Fund Corporation (hereinafter "Cliffcrest HDFC"), as defendant. Nine months later, defendant Cliffcrest HDFC served an answer with counterclaims and a third party complaint alleging, in connection with renovation financing of and construction work performed on the Mortgaged Premises, fraud, conspiracy to commit fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC 1961, et seq., against third party defendants The Wavecrest Management Team LT, Shubab Housing Development Fund Corporation, Lee Warshavsky, and the City of New York (NYSCEF Doc No 80).

A receiver was appointed "to take charge and enter into possession of the Mortgaged Premises" by Order dated March 17,

[* 3]

2015. (NYSCEF Doc No 329). In April 2015, such Receiver entered into a Management Agreement with Finger Management Corp. (NYSCEF Doc No 335), and retained the law firm of Newman Ferrara LLP for legal services (NYSCEF Doc No 336).

By Order dated June 29, 2018 (NYSCEF Document No 113), after an evidentiary hearing, the court (Madden, JSC) dismissed the first party mortgage foreclosure action for plaintiff's failure to establish compliance with the notice of foreclosure requirements of RPAPL § 1303(b).[2]

By Order dated July 3, 2019, the court approved the final accounting of the Receiver, which in light of four intermediate account, comprised total legal fees in excess of $150,000 paid to counsel Newman Ferrara and successor counsel Borah Goldstein, Altschuler, Nahins & Goidel, P.C.

In the remaining third party-action, on November 3, 2023, third party defendant City of New York amended its third party-answer to interpose counterclaims for, inter alia, foreclosure of its mortgage (NYSCEF Doc No 1395).

---

[2] By Summons and Complaint dated August 13, 2018, 938 St. Nicholas Avenue Lender, LLC commenced a foreclosure action against Cliffcrest HDFC, 938 St. Nicholas Avenue Lender, LLC v Cliffcrest HDFC, NY Co Sup Ct Index No. 850233/2018, which action is assigned to Kahn, JSC. On May 24, 2024, the Note of Issue Without Jury Demand was filed in that action. (NY Co Supreme Court Index No 850233/2018 NYSCEF Doc No 415).

**850011/2013   938 ST. NICHOLAS AVENUE vs. 936-938 CLIFFCREST HOUSING**          **Page 4 of 6**
**Motion No.  031 032 036**

[* 4]

By Stipulation dated January 18, 2023, third party plaintiff Cliffcrest HDFC discontinued, with prejudice, its third party action as against third party defendants The Wavecrest Management Team LT, Shubab Housing Development Fund Corporation and Lee Warshavsky (NYSCEF Doc No 1314). Such Stipulation was not so-ordered by this court as it was not signed by third party defendant City of New York as required pursuant to CPLR 3217(a)(2).

More than a dozen discovery conferences have been held over the course of this litigation, including several before the undersigned.[3] Reviewing the docket, and given this court's own supervision of discovery since having been assigned this case in April 2021, this court finds that the parties have had ample time to complete discovery over the twelve years since this action was commenced.[4] In such vein, this court determines that counsel on each side, however well intentioned, have been extremely dilatory in carrying out their exchange of documents and taking of examinations before trial, despite multiple

---

[3] Throughout the course of this litigation, each side has improperly and unnecessarily cluttered the electronic docket with discovery demands and responses thereto. In 2023 alone, defendant City of New York loaded the electronic docket with eighteen notices of depositions (along with other discovery demands and responses to demands)(NYSCEF Doc Nos 1351-1360) and counting.

[4] By its Order of Mediation dated June 4, 2024, this Court did not stay discovery (NYSCEF Doc No 1547). Such Mediation was unsuccessful and closed on December 19, 2024.

discovery conference orders directing them to do so, and their multiple motions to compel discovery, over the past decade. Therefore, with respect to depositions and any other remaining paper discovery, the court holds that the parties have each waived any further rights to do so.  See Butler v General Motors Corp, 37 AD2d 957 (1st Dept 1971).  This case shall be placed on the trial calendar forthwith, upon e-filing of the Note of Issue and Certificate of Readiness, within the thirty days of entry of this order.

20241223145238DJAMES495F69975A00420A93B1CB18DE5FC4CA

| 12/23/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 6]